STIPULATED PROTECTIVE ORDER

Mark G. Simons, Esq., NSB No. 5132
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Telephone: (775) 785-0088
Facsimile: (775) 785-0087
Email: msimons@shjnevada.com

Martin J. Murray, Esq.
MURRAY & DI BELLA, LLP
5 Penn Plaza, 15th Floor
New York, NY 10001
Telephone: (212) 725-2044
Email: mjm@murraydibella.com
(admitted *pro hac*)

Attorneys for Plaintiff EthosEnergy TC, Inc.

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ETHOSENERGY TC, INC.<br><br>    Plaintiff,<br><br>v.<br><br>ORMAT NEVADA, INC.<br><br>    Defendant.<br>-----------------------------<br>ORMAT NEVADA, INC.<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>ETHOSENERGY TC, INC.<br><br>    Counterclaim Defendant.<br>----------------------------- | 3:18-cv-00354-HDM-WGC<br><br>Case No:<br><br><br><br><br><br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff and Counterclaim Defendant EthosEnergy TC, Inc. ("Ethos"), by and through its attorneys, Mark G. Simons of SIMONS LAW, PC, and Martin J. Murray of MURRAY &

Di BELLA, LLP, and Defendant and Counterclaim Plaintiff Ormat Nevada, Inc. ("Ormat"), by and through its attorneys McDonald Carano, hereby stipulate and agree that the following procedures shall be adopted for the protection of documents and information that any party or non-party deems to be proprietary and confidential and that may be produced during discovery in this case:

1. The parties, witnesses and third-parties producing documents (the "Designating Party") may designate as confidential such documents, testimony, or other materials produced in this case which they in good faith believe contain, or could lead to the disclosure of, trade secrets or confidential business or commercial information. The parties believe that secrecy pursuant to this Protective Order is in the public interest and that disclosure of confidential information would cause serious harm, and desire that such information be protected from unnecessary dissemination.

2. This Protective Order applies to documents produced by a Designating Party, responses to written discovery, responses to subpoenas, and deposition testimony and exhibits thereto. If any Designating Party in this action claims that any document or other material produced by a party, witness or third-party, or any information contained in the document or material, is confidential, then the party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

3. Within thirty days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that a Designating Party determines that the answers disclose confidential information or could lead to the disclosure of confidential information, such Designating Party may designate that information CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, and, when filed with the Court, the transcript containing material designed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be under seal and marked in the manner described in paragraph 6 of this Protective Order.

4. A Designating Party may designate discovery materials as CONFIDENTIAL if they contain or explain confidential information, the disclosure of which may breach duties of confidentiality to the agents, representatives or customers of the designating party, or if they contain or explain information that is proprietary, in the nature of trade secrets or confidential commercial information, the disclosure of which may reveal information that could potentially cause competitive harm or disadvantage. Use and disclosure of information and documents designated CONFIDENTIAL, including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated in writing by the parties' counsel or authorized by the Court:

   a. The parties and directors, officers and employees of the parties for whom it is necessary to disclose the information or documents;

   b. Outside counsel of record and in-house counsel for the parties named in the above-captioned litigation, attorneys of counsels' law firms and all employees of those firms or individuals retained by them, including, but not limited to, paralegal assistants, clerical employees and stenographic reporters;

   c. The Court and its personnel, including, its stenographic reporters;

   d. Any individual retained or specially employed by a party as an expert or consultant either in anticipation of litigation, preparation for trial, or to testify at trial, and provided that such individual executes a statement in writing in the form attached hereto as Exhibit 1 agreeing to be bound by this Protective Order;

   e. Any person identified, either on the face of the documents or through testimony or discovery response, as an author or recipient of the documents in the ordinary course of business provided that the use or disclosure is limited to said documents or information derived therefrom.

5. A Designating Party may designate discovery materials as CONFIDENTIAL-

SIMONS LAW, PC
6490 S. McCarran
Blvd., #C-20
Reno, NV 89503
(775) 785-0088

ATTORNEYS EYES' ONLY if the discovery materials can be designated as CONFIDENTIAL and if disclosure of such discovery materials may reveal information that could cause competitive harm or disadvantage. Use and disclosure of information and documents designated CONFIDENTIAL-ATTORNEYS EYES' ONLY, including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated in writing by the parties' counsel or authorized by the Court:

    a.    Outside counsel of record and in-house counsel for the parties named in the above-captioned litigation, attorneys of counsels' law firms and all employees of those firms or individuals retained by them, including, but not limited to, paralegal assistants, clerical employees and stenographic reporters;

    b.    The Court and its personnel, including, but not limited to, its stenographic reporters;

    c.    Any individual retained or specially employed by a party as an expert or consultant either in anticipation of litigation, preparation for trial or to testify at trial, who is not directly employed by any party or under contract with any party for any purpose other than this case, and who is not a competitor of any party or employed by a competitor of any party, and provided that such individual executes a statement in writing in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order.

6.    Information and documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when the documents, or any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked as "CONFIDENTIAL – FILED UNDER SEAL."

7.    Whenever information designated as CONFIDENTIAL or CONFIDENTIAL-

SIMONS LAW, PC
6490 S. McCarran
Blvd., #C-20
Reno, NV 89503
(775) 785-0088

ATTORNEYS' EYES ONLY pursuant to this Protective Order is to be (a) discussed by a party or (b) disclosed in a deposition or other hearing or proceeding, any party claiming confidentiality may exclude from the room any person, other than persons designated in Paragraphs 4(a)-(e) or 5(a)-(c) of this Protective Order, as appropriate, for that portion of the deposition, hearing or proceeding.

8. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information. Nothing in this Protective Order shall prejudice any party or non-party from seeking amendments broadening or restricting the rights of access to and use of confidential information hereunder, or other modifications, subject to order by the Court.

9. Within 30 days after any order terminating this case becomes final and not subject to appeal, all materials and copies containing information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be returned to the Designating Party, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information. In the alternative, with consent of the Designating Party, such materials and copies may be shredded or disposed of in a manner to assure destruction and written confirmation certifying such destruction or disposal shall be provided to the Designating Party. Notwithstanding the above, one copy of the court filings and transcripts may be retained by counsel for each party, subject to the terms of this Protective Order.

10. Each party reserves the right to dispute the designation of information or material as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by any Designating Party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

11. If any party believes that any information or documents have been inappropriately designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the party shall, in writing, inform counsel for the Designating Party. If the non-designating party and the Designating Party are unable to resolve the matter informally within ten business days of

SIMONS LAW, PC
6490 S. McCarran
Blvd., #C-20
Reno, NV 89503
(775) 785-0088

submission of the notice by the non-designating Party, the non-designating party may then file an appropriate motion with the Court. The burden shall be on the movant to establish that the Designating Party's designation is inappropriate.

12. The inadvertent failure to designate a document, testimony, or other information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY before or at the time of disclosure shall not operate as a waiver of the producing party's right to later designate said document, testimony, or other information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, unless the receiving party can demonstrate unfair prejudice from late designation. Any such late designation shall be made promptly upon discovery of the inadvertent failure to make such designation at or prior to the time of disclosure, and in the event of dispute as to whether such late designation was timely made, the burden of proof both as to the inadvertence of the original failure to designate and the timeliness of the late designation shall rest with the producing party, and the burden of showing unfair prejudice from the late designation shall rest with the receiving party.

13. Use by the non-designating parties, witnesses, and their counsel of any information or documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the preparation for and conduct of this case and shall not be used for any business, commercial, or competitive purpose.

14. This Protective Order in no way operates to restrict the disclosure or use of any information or documents that are known, or become known, through lawful means or proper sources outside of this litigation. Specifically, nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party of information or material lawfully obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

15. The restrictions on disclosure and use of information and documents subject to

SIMONS LAW, PC
6490 S. McCarran
Blvd., #C-20
Reno, NV 89503
(775) 785-0088

this Protective Order shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**AFFIRMATION:** The undersigned do hereby affirm that the preceding document does not contain the social security number of any person.

DATED this 4TH day of March, 2019.

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509

_____
MARK G. SIMONS

and

MURRAY & Di BELLA, LLP
5 Penn Plaza, 15th Floor
New York, NY 10001

_____
MARTIN J. MURRAY
*(admitted pro hac)*

*Attorneys for Plaintiff EthosEnergy TC, Inc.*

DATED this 4th day of March, 2019.

MCDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501

_____
Matthew C. Addison, Esq.
Chelsea Latino, Esq.

*Attorneys for Defendant Ormat Nevada, Inc.*

**ORDER**

Paragraph 6 is modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 15 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: March 4, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT LIST

| NO. | DESCRIPTION | PAGES |
|---|---|---|
| 1 | Certificate of Agreement | 1 |

9

# EXHIBIT 1

## CERTIFICATE OF AGREEMENT

I, _____, hereby certify that I have been given a copy of the Stipulated Protective Order in the matter of <u>EthosEnergy TC, Inc. v. Ormat Nevada, Inc.</u>, No. 3:18-CV-00354-HDM-CBC, USDC Nevada. I agree to the following limitations upon the use and disclosure of all CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY information or material which I am being provided thereunder:

A. That I will not disclose or divulge any of the information or material or the content thereof to any person;

B. That any use of the information or material or the content thereof shall be restricted solely to use in connection with the litigation of this case and shall not be used outside this case for any business, commercial, competitive, or other purpose; and

C. That upon request I will return the material which I have been provided, and all copies, extracts, abstracts, charts, notes and summaries thereof, immediately to the attorney who provided the material to me.

I understand and recognize that violation of any of the provisions of this Certificate of Agreement may subject me to liability for violation of the Stipulated Protective Order and will result in immediate and irreparable harm to the Designating Party. I further agree to submit to the jurisdiction of United States District Court for the District of Nevada with respect to the enforcement of any obligation hereunder.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 20__ at _____.

By:_____
Print Name:_____
Title:_____
Company:_____

SIMONS LAW, PC
6490 S. McCarran
Blvd., #C-20
Reno, NV 89503
(775) 785-0088